## WITHERSPOON v. WITHERSPOON.

1. Additional conditions, verbally announced at a sale under decree of the court, are illegal, and cannot be enforced against a purchaser who made his bid in ignorance of them. Nor will the purchase, without

those conditions, be enforced after a lapse of more than two years, the delay not being the fault of the purchaser, and he not having been in possession.

2. Conditions that a purchaser of land about to be sold partly on credit, secured by mortgage, shall not cut more than a certain quantity of timber until the debt is discharged, and if so, that the debt shall be then wholly due, are not a mere waiver of the mortgagee's right to stay waste, but are conditions additional to those implied by law in such cases. What quantity of timber-cutting will constitute waste by a mortgagor may not be determined in advance, except by consent,

Before PRESSLEY, J., York, November, 1889.

This was a rule against Alvin Massey in the case of I. D. Witherspoon, as executor of I. D. Witherspoon, deceased, against N. R. Witherspoon and others. The Circuit decree was as follows:

This case is before me on the report of the referee on a rule against Alvin Massey, who was highest bidder for a tract of land sold under decree in this case. Said bidder did not comply with his bid, and being herein ruled to show cause, objects to the jurisdiction of the court in this form, and also shows cause for his non-compliance, that conditions were altered to said sale which were not authorized by the decree under which the land was sold, and were not in the advertisement. The supposed conditions were an announcement by the attorney who represented all the parties, that the purchaser would not be permitted to cut more than one third of the timber on the land until he has paid the second instalment of the purchase money, nor more than two-thirds of said timber, until he had paid the whole of the purchase money. If said announcement had been in fact an addition to the terms of sale not contained in the decree of the court and in the advertisement of the property, such added conditions would render the sale void.

But I hold that the said announcement was not an addition to the terms of sale. According to law, such purchasers under the advertisement could have been enjoined from cutting the timber, whilst the purchase money still remained unpaid. The announcement was therefore a partial waiver by the sellers of their legal rights in favor of the bidder. If he did not choose to

accept such waiver, he was not bound to do so; but his refusal to accept would not relieve him from the obligation of his bid, and he is therefore bound to comply with it.

The court has jurisdiction to compel said bidder under rule to show cause to comply with his purchase, and to attach and imprison him for contempt of the court, if he still should refuse or fail to comply. But the report is in favor of a resale at the risk of said bidder, and plaintiffs have not filed exceptions to that report; I therefore assume that they acquiesced therein. It is ordered and adjudged, that Alvin Massey do, within thirty days after filing this decree, comply with his bid as purchaser of said land. If he fail to do so, it is ordered, that the officer who was directed by the decree to sell the same, do, after due advertisement, sell the said land at public sale, according to the terms of the decree at the risk of the said Alvin Massey, former bidder, and that he, Alvin Massey, do pay the costs of the proceedings under the rule herein.

Massey appealed on the following grounds:

1st. Because of error in holding that the verbal announcement made previous to the sale of the land herein, was not an addition to the terms of sale, as contained in the decree for sale and the advertisement thereof, but was merely a partial waiver by the sellers of their legal rights in favor of the bidder.

2d. Because of error in holding that the respondent, as purchaser and mortgagor under such sale, according to the terms of the decree for sale and advertisement, could have been enjoined from cutting the timber whilst the purchase money still remained unpaid, in the absence of any proof of the insolvency of the respondent or of the inadequacy of the land with the timber cut off as a security for the mortgage debt.

3d. Because, having held that respondent was not bound to accept the terms contained in said verbal announcement, his honor erred in holding and adjudging that respondent must, nevertheless, within thirty days after the filing of the decree herein, comply with his bid as purchaser of said land, and in default thereof that said land be resold at the risk of respondent, and that respondent pay the costs of the proceedings under the rule herein, in the absence of any proof whatever that respond-

ent ever refused to comply with his bid according to the decretal terms of sale.

4th. Because the evidence and the report of the referee showed that respondent, previous to the issuance of the rule herein, offered to comply with the terms of sale as advertised, and the Circuit Judge erred in not holding that such offer relieved respondent from all further duty of compliance.

5th. Because there was no evidence whatever to show that plaintiff ever tendered to respondent a deed for said land on the terms of sale as contained in the decree and advertisement, nor was there any evidence of conduct on the part of respondent to relieve plaintiff of the duty of tendering such deed, and the Circuit Judge erred in not so holding, and in not dismissing the rule herein on this ground.

6th. Because respondent's status at the time of the bidding has been altered without his fault by plaintiff's attempt to subject him to terms and conditions of sale unknown to him and not binding on him, thereby depriving him of the use and occupation of said land since the sale, more than a year ago, and disarranging and preventing his plans and arrangements to clear, build on, and cultivate said lands; and it is highly inequitable at this late day and for the first time to give opportunity for compliance with the terms of sale as advertised, and in default of compliance to resell said land at his risk, with costs of these proceedings, in view of the fact that plaintiff has always sought, and in these proceedings sought, to compel compliance, not with the terms as advertised, but with the terms as altered by the verbal announcement aforesaid, and the Circuit Judge erred in not so holding.

*Messrs. Jones & Williams*, for appellant.

*Mr. C. E. Spencer*, contra.

June 30, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Certain lands belonging to the estate of plaintiff's testator, situate in Lancaster County, were ordered to be sold by decree of the court for partition, the terms of sale as expressed in the order being one-third cash, the

balance in two equal annual instalments next thereafter, to be secured by bond and mortgage of the premises. The sale was ordered to take place on salesday in October, 1888. On the day of sale several verbal conditions, not appearing in the order of sale, were announced by plaintiff's attorney, to wit: "That no more than one-third of the wood should be cut off the land until the payment of the second instalment, and not more than an additional one-third should be cut off until after after the payment of the last instalment, and that said additional terms would be made one of the conditions in the mortgage deed, a violation of which would subject the mortgagor to foreclosure. One Alvin Massey became the purchaser, he being the highest and last bidder at the sale. It appears, however, that Massey was not present when the verbal announcements hereinabove were made. The advertisement of sale did not include the conditions announced verbally at the sale.

There is some controversy whether Massey was willing to comply with the terms of sale as advertised, but there is no doubt that the vendor expected and demanded that Massey should comply with the terms as announced on the day of sale, and his attorney prepared the necessary papers to that end, embracing in the mortgage prepared the conditions as to cutting the timber and the falling due of the entire bond in the event that said conditions were violated. Massey refused to comply with these conditions, and on the 6th of April, 1889, upon a notice served on Massey on the 5th of March preceding, the plaintiff obtained a rule against Massey to show cause from his honor, T. B. Fraser, why he should not be compelled to comply with his bid, or be attached for contempt, and also why the said land should not be resold at his, Massey's, risk, if he continues to be in default at the hearing. The affidavit upon which this rule was obtained contained a statement of the terms of sale, as verbally announced on the day of sale, and it was the bid of Massey under these terms that plaintiff sought to enforce by the rule. Massey made return to the rule, stating that he bought the land under the advertisement of sale made by the executor, in which the terms announced were those contained in the order of the court only, and that he was not present when the verbal conditions were

announced, and he had no knowledge thereof until after said rule, when the plaintiff declined to execute conveyance unless said terms were complied with, which he, Massey, refused to conform to.

The matter, it seems, was referred to a referee, who found, as a fact, that Massey was not present when the verbal conditions were announced, and did not know of said announcement, and, therefore, that no such conditions existed as to Massey, and that he was bound by his bid, as we suppose, independent of the conditions; and he recommended that Massey have leave to comply within a time to be fixed by the court, failing in which, that the land be resold at his risk, &c.

On exceptions to this report his honor, Judge Pressley, in substance, confirmed the result of this report of the referee, holding that the verbal conditions were nothing more than what the plaintiff might demand, or rather, enforce, without special stipulations thereto in the mortgage, in fact, even less than the plaintiff's rights to prevent waste, &c., and acts impairing the security of the mortgage; and that said verbal conditions, or partial waiver of the rights of the plaintiff, as the judge expressed it, if not accepted by Massey, still did not relieve him from his obligation to comply with his bid, which he might be compelled to do. But inasmuch as the report of the referee had recommended a resale at the risk of Massey as the proper remedy in the case, to which the plaintiff had not excepted, he would adopt that course, and he ordered a resale, upon Massey failing to comply with his bid within thirty days after his decree therein was filed, with ten dollars costs for the rule. This decree was dated January, 1890, one year and some two months from the sale, all of which time Massey was out of possession, and against whom the interest on the purchase money under the decree accrued.

We think the terms attempted to be added to the order of sale by the verbal announcement on the day of sale were illegal and without authority of law, and could not have been enforced against Massey. *Bailey* v. *Bailey*, 9 Rich. Eq., 395. It may be, however, that had the plaintiff sought to enforce the sale without these conditions in proper time, he might have been successful; but no effort of this kind was made. In fact, this was

declined, the appellant being willing, but the respondent refusing, and the object of the rule below was not to enforce the sale according to the understanding of the appellant, but with the conditions objected to by the appellant. We do not concur with the presiding judge, that the conditions were merely in the nature of a waiver of respondent of rights to stay waste, &c., &c., which he had from the character of the case, whether expressed or not. Doubtless it is true, that a mortgagee may stay waste, or enjoin any other act of the mortgagor tending to impair the recovery of the mortgage, but we do not see how the extent of the waste could be determined in advance, unless by consent of all parties. Besides, the condition that upon a violation of the stipulations that the entire debt should become due, was certainly a new term or condition outside of any right of the plaintiff.

Whatever may have been the right of respondent to enforce the sale in accordance with the terms of the order of sale, if respondent had so demanded within a proper time, we think, under the facts here, the appellant having been kept out of possession for so long a time with interest accruing on the purchase, and with no opportunity to avail himself of the benefit of his purchase, it would be inequitable now to order a specific performance. The delay does not seem to have been occasioned by the appellant. On the contrary, the respondent is responsible for that, and now we think it is too late for him to fall back on the contract, as understood by appellant, after having failed to enforce it with the superadded terms.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.